IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PATRICK WILLIAMS,           §
                            §
          Plaintiff,        §
                            §
VS.                         §   NO. 4:06-CV-032-A
                            §
OZARK MOTOR LINES, ET AL.,  §
                            §
          Defendants.       §

Memorandum Opinion
and
O R D E R

Came on for consideration the motion of defendants, Ozark
Motor Lines ("Ozark") and Ellis Parker ("Parker"), for partial
summary judgment.  Plaintiff, Patrick Williams, ("Williams") has
failed to respond.  Having considered the motion, the summary
judgment record, and the applicable authorities, the court has
concluded that the motion should be granted.

I.

Williams' Petition

Williams commenced this action on November 21, 2005, in the
413th Judicial District Court of Johnson County, Texas.[1]  In his
active pleading, his original state court petition, he sounds out
various negligence claims against defendants for injuries he
allegedly sustained during an automobile accident on March 21,
2005, involving his vehicle and a commercial vehicle owned by
Ozark and driven by Parker.  Specifically, Williams claims

_____

[1] Defendants removed the case to this court on January 12, 2006,
pursuant to 28 U.S.C. § 1446(b).

defendants committed the following fifteen separate acts of
negligence in connection with the accident:

    (a)   [Parker] failed to pay attention to the roadway
ahead of his truck and failed to control his
speed;

    (b)   [Parker] failed to slow down for the slow moving
traffic;

    (c)   [Parker] was negligent per se due to violations of
Federal Regulations more fully set forth in 49 CFR
Section 382.201-382.503.

    (d)   [Ozark] was negligent in the hiring of [Parker] in
accordance with 49 CFR Section 391.

    (e)   [Ozark] was negligent in trusting its tractor and
trailer to be operated by [Parker].

    (f)   [Ozark] was negligent because it knew or should
have known that [Parker] was incompetent or
habitually wreckless [sic.] and [Ozark] was
grossly negligent in entrusting the vehicle to
[Parker].

    (g)   [Ozark] was negligent in the hiring and retention
of [Parker].

    (h)   [Ozark] negligently hired its driver in accordance
with 49 CFR Section 391.

    (i)   [Ozark] was negligent in the training of its
drivers.

    (j)   [Ozark] was negligent in the maintenance of its
tractor and trailer.

    (k)   [Ozark] was negligent in inspecting, repairing and
maintaining its vehicles in accordance with 49 CFR
Section 393.

    (l)   [Ozark] was negligent in allowing unsafe vehicles
to operate on the nations highways in accordance
with 49 CFR Section 393.

    (m)   [Ozark] was negligent in allowing its drivers to
use the tractor trailer in accordance with 49 CFR
Section 392.

(n)   [Ozark] was negligent in allowing the use of a
      fatigued driver in accordance with 49 CFR Section
      395.

(o)   [Ozark] failed to properly investigate the
      accident.

Pet. at 2-3.  Williams alleges damages of past and future medical
treatment; past and continuing physical pain and suffering; past
and continuing mental and emotional distress; past and continuing
loss of wages and employment benefits; a permanent disability;
permanent disfigurement; and loss of consortium.

II.

Grounds for Defendants' Motion

By their arguments, defendants contend that summary judgment
is proper as to all of Williams' claims except his claims that
Parker (a) failed to pay attention to the roadway and to control
his speed, and (b) failed to slow down for the slow moving
traffic.  Specifically, defendants urge that:

1.   There is no evidence supporting Williams' allegation
that Parker was negligent per se for violating  49 C.F.R. §§
382.201-382.503.

2.   There is no evidence that Ozark negligently hired,
entrusted, or retained Parker, or that Ozark was grossly
negligent in committing the same, because there is no evidence
that (i) Parker was unlicensed, incompetent or reckless when
hired by Ozark, (ii) that Ozark negligently hired Parker in
violation of 49 C.F.R. § 391, et seq., and (iii) Ozark's decision
to hire Parker was grossly negligent.

3.   Ozark is entitled to summary judgment on Williams'

3

ground that Ozark was negligent in its training of Parker because
as an experienced commercial driver with a clean driving record,
Ozark had no duty to train him; alternatively, should Ozark have
such a duty, that there is no evidence Ozark breached that duty
or that inadequate training was the proximate cause of Williams'
injuries.

    4.   Williams' common law and regulatory-based claims that
Ozark negligently maintained its equipment fail because (i)
Williams does not allege injuries stemming from such negligence,
and (ii) the summary judgment evidence establishes that Ozark
properly inspected its equipment.

    5.   There is no evidence that Ozark negligently allowed (i)
unsafe vehicles to operate on the highway, (ii) Parker to use the
tractor trailer, and (iii) Parker to drive in a fatigued state in
violation of 49 C.F.R. § 395.

    6.   Because Williams cannot prove any causation or damages,
his claim that Ozark failed to properly investigate the accident
must fail.

IV.

Applicable Summary Judgment Principals

    A party is entitled to summary judgment on all or any part
of a claim as to which there is no genuine issue of material fact
and as to which the moving party is entitled to judgment as a
matter of law.   Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 247 (1986).   The moving party has the initial
burden of showing that there is no genuine issue of material

4

fact.  Anderson, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  Anderson, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]."  Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994).  An issue is material only if its resolution could affect the outcome of the action.  Anderson, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Undisputed Evidence

The following is an overview of the evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record.

Parker was hired as a driver by Vortex Truck Lines, Inc. in April 2004.  Prior to that, Parker had been employed as a driver by Opies Transport, Inc., from July 16, 2003, until October 14, 2003.  While employed by Opies Transport, Parker was not involved in an accident; did not test positive for any controlled substance; had not refused to submit to a drug or alcohol test; and did not commit any known violations of industry substance abuse rules.

On March 14, 2005, Ozark acquired all of the employees and assets of Vortex Truck Lines, Inc.  As part of its due diligence before the acquisition, Ozark attempted to verify that each of Vortex's drivers where capable of operating a commercial vehicle, were licensed to drive a commercial vehicle, and that each driver was in compliance with 49 C.F.R. § 391.  Specifically with regard to Parker, Ozark determined that he had a valid Mississippi commercial drivers license; had not been involved in any accidents within the previous three years; and that he had never tested positive for drugs or alcohol or any other controlled substance.  There was nothing contained in the file reviewed by Ozark prior to the acquisition indicating that Parker was an incompetent driver.  On March 21, 2005, Parker was driving a freight truck and trailer eastbound on Highway 183 in Bedford,

Texas, when he rear-ended Williams, who was traveling in a 2000 Chevrolet Silverado.

VI.

Analysis

A.    The Law of Negligence

The elements of an actionable negligence claim include duty, breach of duty, proximate cause, and damages; plaintiff has the burden of producing evidence on each of those elements.  Where the plaintiff seeks to prove negligence per se, he must show that the defendant violated a statute, municipal ordinance, or administrative rule or regulation which has been adopted by the court as setting a standard for the reasonable man.  Freudiger v. Keller, 104 S.W.3d 294, 296 (Tex. App.--Texarkana April 18, 2003, pet. denied).  To prove gross negligence, the plaintiff must show that the defendant's acts or omissions involved an extreme degree of risk, and that the defendant had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference towards those risks.  Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11).

B.   Law Applied to the Summary Judgment Evidence

    i.   Claim for Negligence Per Se

To defeat defendants' motion as to his claim of negligence per se, Williams must adduce some evidence that Parker violated a duty imposed upon him by 49 C.F.R. § 382.301 through 503.[2]  The purpose of those regulations "is to establish programs designed to help prevent accidents and injuries resulting from the misuse of alcohol or use of controlled substances by drivers of commercial motor vehicles." 49 C.F.R. § 382.101.  There is no evidence that the accident resulted from Parker's misuse of alcohol or use of controlled substances.

    ii.   Claims Against Ozark for the Negligent Hiring, Entrustment, and Retention of Parker

There is no evidence to support plaintiff's contention that Ozark was negligent in its hiring, entrustment, or retention of Parker.  This conclusion applies as well to Williams' claim that Ozark failed to comply with 49 C.F.R. § 391, et seq., with respect to Parker; and to his allegation that Ozark was grossly negligent with regard to its hiring, entrustment, and retention of Parker.  The summary judgment evidence actually supports the inference that Ozark was quite diligent with regard to its decision to employ Parker after the Vortex accusation.

--------

[2] In his scattergun approach, Williams alleges that Parker is negligent per se for violating a total of twenty-two separate regulations of the Federal Motor Carrier Safety Regulations, the majority of which are inapplicable.  See, e.g., 49 C.F.R. § 382.301 (testing requirements for employer); Id. at § 382.405 ("Access to facilities and records."); Id. at § 382.411 ("employer shall notify a driver of the pre-employment controlled substance test.").

### iii. Claim Against Ozark for the Negligent Training of Parker

Assuming that Ozark had a duty to train an experienced driver like Parker, there is no evidence that Ozark was negligent in such training.

### iv. Claims Against Ozark for Negligent Maintenance, Negligent Inspecting, and Negligent Repair.

There is no evidence that Ozark was negligent in the maintenance, inspection, and/or repair of the vehicle involved in the accident.

### v. Claims Against Ozark for Negligence Based on the Operation of an Unsafe Vehicle, allowing Parker to Drive the Tractor Trailer, and allowing Parker to Drive in a Fatigued State.

The Federal Motor Carrier Safety Regulations sets forth the minimum commercial standards for the upkeep of the parts and accessories necessary for the safe operation of a commercial vehicle. 49 C.F.R. 393.1, et seq. There is no evidence that Ozark was negligent in the upkeep of the vehicle involved in the accident as defined by those regulations, or that the vehicle was in any way unsafe.

Likewise, there is no evidence that Ozark was negligent for allowing its drivers to use the vehicle involved in the accident.

Williams' claim that Ozark violated 49 C.F.R. § 395, et seq., fails because there is no evidence that Parker had been driving longer than the maximum time allowed for property

carrying vehicle drivers set forth in the Federal Motor Carrier
Safety Regulations.[3]

vi.  Claim that Ozark Negligently Investigated the Accident

Williams' alleged injuries all stem from the auto accident.
He alleges no injury that could have resulted from Ozark's
investigation.  Therefore, summary judgment on the negligent
investigation claim is appropriate.

---

[3]  The court interprets Williams' claim that Parker was
"fatigued" to allege that Ozark violated § 395.3 by allowing Parker
to drive after he had exceeded the "maximum driving time for
property-carrying vehicles."

VII.

O R D E R

For the reasons stated herein,

The court further ORDERS that defendant's motion for partial summary judgment be, and is hereby, granted.

The court further ORDERS that all of the claims asserted by Williams against defendants, other than his claims identified in subparagraphs (a) and (b) on page four of his original petition, be, and are hereby, dismissed with prejudice.

SIGNED June 29, 2006

_____/s/ John McBryde_____
JOHN McBRYDE
United States District Judge